AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 10, 2022

SEAN F. McAVOY, CLERK

United States of America )
v. )
ISRAEL MENDOZA SALAS ) Case No. 1:21-CR-02019-SAB-1
)
*Defendant* )

## ORDER OF DETENTION PENDING TRIAL
### ECF No. 6
### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
     **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ❒ Weight of evidence against the defendant is strong
  ❒ Subject to lengthy period of incarceration if convicted
  ❒ Prior criminal history
  ❒ Participation in criminal activity while on probation, parole, or supervision
  ❒ History of violence or use of weapons
  ❒ History of alcohol or substance abuse
  ❒ Lack of stable employment
  ❒ Lack of stable residence
  ❒ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

- ☐ Lack of significant community or family ties to this district
- ☑ Significant family or other ties outside the United States
- ☑ Lack of legal status in the United States
- ☑ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☑ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See addendum.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 05/10/2022                                                                                s/Lonny R. Suko
                                                                                                  Senior United States District Judge

Page 3 of 3

# ADDENDUM

*USA v. Israel Mendoza Salas*, 1:21-CR-02019-SAB-1

The Court considered the Pretrial Services Report (ECF No. 14) and counsels' arguments. To decide whether conditions of release would reasonably assure Defendant's appearance in court and the safety of the community, the Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense;
2. The weight of the evidence against the Defendant;
3. The history and characteristics of the Defendant; and
4. The nature and seriousness of the danger the Defendant would present to the community if released.

Defendant is charged with alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5). The Indictment alleges that on February 9, 2021, knowing he was unlawfully in the United States, Defendant possessed a Remington model 270-Winchester rifle. At the hearing, the United States proffered that the firearm was seized as a result of a search of a residence in connection with an investigation into possible cocaine distribution. It was proffered that a controlled buy was set up with the Defendant and another individual, but the sale did not go through. Law enforcement subsequently searched a vehicle and a residence, and although no narcotics were found, the firearm connected to the instant offense was located at the residence. The United States did not proffer any information pertaining to the ownership, inhabitants, or address of the residence searched. On July 13, 2021, the grand jury found probable cause to charge Defendant in the Indictment. The charge carries a maximum penalty of ten years imprisonment.

Although the charge does not carry a presumption of detention, the Court notes that one of the purposes of the offense is to ensure public safety. *See United States v Torres*, 911 F.3d 1253, 1264 (9th Cir. 2019) ("the government's interests in controlling crime and ensuring public safety are promoted by keeping firearms out of the hands of unlawful aliens—who are subject to removal, are difficult to monitor due to an inherent incentive to falsify information and evade law enforcement, and have already shown they are unable or unwilling to conform their conduct to the laws of this country.").

The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. At the hearing, Defendant indicated evidence exists that Defendant is not the owner of the firearm. Although the

United States has alluded to the nature and circumstances of the offense, the Court has insufficient information to judge the weight of the evidence.

Turning to his history and characteristics, Defendant is 34 years old and was born in Mexico. Defendant is a citizen of Mexico. Defendant's lack of legal status and the immigration consequences if a conviction were to result, provide a significant incentive to fail to appear for future court appearances. Furthermore, Defendant has significant ties to Mexico. Defendant has lived in Mexico for an extended period including from birth until 2003 or 2004, and more recently, from 2007 to 2018. Defendant has only resided in the District since 2018. Defendant's father and four siblings still reside in Mexico. Defendant is married and his wife is also a citizen of Mexico. They have five children under the age of 14 including three sons who were born in Mexico (and do not have legal status in the United States) and two daughters born in the United States. Defendant's mother and five siblings reside in the District.

Though Defendant does not have permission to work in the United States, Defendant has a history of employment as a mechanic, in landscaping, in construction and working for warehouses. He is the primary wage earner for his family.

Defendant has no criminal history other than traffic infractions. Defendant was compliant at the time of his arrest which occurred following a traffic stop on May 4, 2022. Defendant has an active removal order to Mexico, though the Court acknowledges that possibility of Defendant's removal is not a basis, in and of itself, to detain Defendant under the Bail Reform Act. *See United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015).

The Court finds that the United States has not demonstrated by clear and convincing evidence that Defendant would pose a danger to the community. However, the Court finds Defendant poses a serious risk of non-appearance given the fact that he is without legal status, he and his family have recently resided in Mexico for an extended period, he continues to have significant ties to Mexico, and an active removal order exists.

Although at the hearing Defendant indicated he would be able to post a financial bond, there is no indication that Defendant owns property or has the resources to support a bond that would compel Defendant to appear. Though Defendant's family may be willing to assist with a bond, details of a financial package were not presented to the Court at the time of the hearing.

In conclusion, the Court finds that the United States has shown by a preponderance of the evidence that no conditions or combination of conditions other than detention will reasonably assure Defendant's appearance at future court proceedings.

Addendum Page 3